# Exhibit 1

Kyle R. Tognan, Esq. (Attorney ID# 128372014)
**MAGGS McDERMOTT & DiCICCO, LLC**
Attorneys at Law
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
Attorneys for Plaintiff
Our File Number: 3329.0377

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A., <br><br> Plaintiff, <br><br> vs. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, XYZ CORPS. 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MONMOUTH COUNTY <br><br> DOCKET NO.: MON-L- <br><br> *CIVIL ACTION* <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, The Plastic Surgery Center, P.A. ("TPSC"), by and through their attorneys, Maggs McDermott & DiCicco, LLC, states of the Defendant, Cigna Health and Life Insurance Company ("Cigna"), and says:

## THE PARTIES

1.  TPSC is a professional corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 535 Sycamore Avenue, Shrewsbury, New Jersey 07702.

2.  Cigna is a health insurance company authorized to conduct business in the State of New Jersey with offices located at 1601 Chestnut Street, Philadelphia, Pennsylvania. At all relevant times, Cigna acted as an authorized agent and administrator of a medical benefits plan (the "Plan") that provided medical benefits to H.C.

3. XYZ Corps. 1-10 are unknown entities that may operate, control, and/or administer healthcare plans, and/or may maintain self-insured health care plans including the Plan.

## FACTUAL ALLEGATIONS

4. At all relevant times, TPSC engaged in the practice of plastic and reconstructive surgery.

5. H.C. is an individual who was diagnosed with chronic, symptomatic paralysis of the right diaphragm.

6. H.C. consulted with Matthew R. Kaufman, M.D. ("Dr. Kaufman"), a physician-employee of TPSC.

7. Dr. Kaufman determined that H.C. required a phrenic nerve reconstruction (the "Surgical Procedure").

8. On or about January 20, 2021, TPSC and Cigna entered into a single case rate agreement (the "Agreement") wherein TPSC would be paid the in-network rate, which was understood to be the Usual Customary and Reasonable ("UCR") rate, for certain preapproved CPT Codes that represented the Surgical Procedure. In addition, the Agreement required TPSC to forfeit its right to balance bill H.C.

9. On February 26, 2021, TPSC performed the Surgical Procedure, during which Dr. Kaufman acted as primary surgeon and Ajul Shah, M.D. ("Dr. Shah"), acted as assistant surgeon.

10. TPSC billed $217,347.00 for the medical services provided by Dr. Kaufman (the "Primary Claim"), which is the UCR rate for the Surgical Procedure.

11. TPSC billed $31,204.00 for the medical services provided by Dr. Shah (the "Assistant Claim"), which is the UCR rate for the Surgical Procedure.

12. In total, TPSC billed $248,551.00 for the Surgical Procedure.

13. Cigna issued a payment of $30,317.20 on the Primary Claim, leaving a balance of $187,029.80.

14. Cigna issued a payment of $6,181.56 on the Assistant Claim, leaving a balance of $25,022.44.

15. In total, $212,052.24 remains outstanding.

16. Cigna's payments on the Primary Claim and Assistant Claim are less than the agreed-upon UCR rate.

17. TPSC has attempted to obtain payment of the outstanding balance agreed to be paid pursuant to the Agreement, but Cigna has refused to abide by the Agreement and tender payment as agreed.

## COUNT ONE
### (Breach of Contract)

18. TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

19. TPSC and Cigna entered into the Agreement whereunder TPSC would be paid at the UCR rate for the Surgical Procedure.

20. The UCR rate for the Surgical Procedure is $248,551.00.

21. As consideration for this payment, TPSC agreed to perform the Surgical Procedure and agreed to forfeit its right to balance bill H.C.

22. By failing to pay TPSC at the UCR rate, Cigna has breached the Agreement with TPSC.

23. As a result of Cigna's breach of the Agreement, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Cigna for damages in the amount of $212,052.24, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT TWO
### (Promissory Estoppel)

24. TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

25. Cigna represented to and promised TPSC that it would pay TPSC for the Surgical Procedure at the UCR rate.

26. The UCR rate for the Surgical Procedure is $248,551.00.

27. TPSC reasonably relied on this promise and other representations of Cigna and performed the Surgical Procedure.

28. Cigna paid TPSC only $36,498.76 for the Surgical Procedure.

29. Cigna has breached the promise and not complied with the representations made to TPSC by paying TPSC at a rate lower than the UCR rate for the Surgical Procedure.

30. By performing the Surgical Procedure and not receiving payment based on the promise and representations of Cigna, TPSC has suffered a substantial detriment.

31. Cigna should have expected TPSC to rely upon its promise because, among other reasons, Cigna knew or should have known that TPSC would not have performed the Surgical Procedure and forfeited its right to balance bill H.C. without a promise of payment at the UCR rate for the Surgical Procedure.

32. As a result thereof, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Cigna for damages in the amount of $212,052.24, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT THREE
### (Negligent Misrepresentation)

33.  TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

34.  Cigna represented to TPSC that TPSC would be compensated at the UCR rate for the performance of the Surgical Procedure.

35.  The UCR rate for the Surgical Procedure is $248,551.00.

36.  Cigna paid TPSC only $36,498.76 for the Surgical Procedure.

37.  The representations by Cigna were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

38.  Cigna owed a duty to TPSC not to make false representations.

39.  TPSC reasonably and justifiably relied upon Cigna's misrepresentations to its detriment that it would be compensated at the UCR rate for the performance of the Surgical Procedure and for forfeiting its right to balance bill H.C.

WHEREFORE, TPSC demands judgment against Cigna for damages in the amount of $212,052.24, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## JURY DEMAND

Plaintiff hereby demands a jury for all issues so triable.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, Plaintiff hereby demands a complete copy of Defendant's applicable insurance agreement(s) demonstrating coverage, including policy and declaration sheets, within thirty (30) days of service of this Complaint.

thirty (30) days of service of this Complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, KYLE R. TOGNAN is hereby designated as trial counsel on behalf of the Plaintiff.

>MAGGS MCDERMOTT & DiCICCO, LLC
>*Attorneys for Plaintiff*
>
>By: *s/ Kyle R. Tognan*
>        _____
>        KYLE R. TOGNAN

Dated: September 15, 2023

## RULE 4:5-1 CERTIFICATION

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending court action or arbitration, nor contemplated between these parties. I further certify that, to the best of my knowledge, information and belief, no other party should be joined in this action.

>By: *s/ Kyle R. Tognan*
>        _____
>        KYLE R. TOGNAN

Dated: September 15, 2023

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-002915-23**

**Case Caption:** THE PLASTIC SURGERY CENTER, P VS CIGNA HEALTH A
**Case Initiation Date:** 09/15/2023
**Attorney Name:** KYLE R TOGNAN
**Firm Name:** MAGGS, MCDERMOTT & DICICCO, LLC
**Address:** ALLAIRE COPORATE CTR 3349 HIGHWAY 138 BLDG C STE D
WALL NJ 07719
**Phone:** 7322239870
**Name of Party:** PLAINTIFF : The Plastic Surgery Center, PA
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: The Plastic Surgery Center, PA?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/15/2023                                                                                              /s/ KYLE R TOGNAN
Dated                                                                                                                Signed

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD           NJ 07728
                                              TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:     SEPTEMBER 15, 2023
                          RE:       THE PLASTIC SURGERY  CENTER, P  VS CIGNA HEALTH A
                          DOCKET: MON L -002915 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MARA ZAZZALI-HOGAN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (732) 358-8700 EXT 87549.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                    ATT: KYLE R. TOGNAN
                                    MAGGS, MCDERMOTT & DICICCO, LL
                                    ALLAIRE COPORATE CTR
                                    3349 HIGHWAY 138 BLDG C STE D
                                    WALL              NJ 07719


ECOURTS
```

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD          NJ 07728
                                         DISMISSAL NOTICE

TELEPHONE - (732) 358-8700 EXT. 87549,AUBREY GALLAGHER     TEAM 003
COURT HOURS:  8:30 AM - 4:30 PM

                    DATE: JANUARY 26, 2024
                      RE: THE PLASTIC SURGERY  CENTER, P  VS CIGNA HEALTH A
                  DOCKET: MON L -002915 23
                   PARTY:   CIGNA HEALTH AND LIF


     PLEASE TAKE NOTICE THAT ON MARCH 26, 2024    (60 DAYS FROM DATE OF
THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF
PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION
REQUIRED UNDER THE ABOVE RULES IS TAKEN.


  HON MARA ZAZZALI-HOGAN                                 ATT: KYLE R. TOGNAN
 _____                     MAGGS, MCDERMOTT &
DICICCO, LL
         JUDGE                                           ALLAIRE COPORATE CTR
                                                         3349 HIGHWAY 138 BLDG C
STE D
                                                         WALL           NJ 07719
```

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A. | Plaintiff |
| vs | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, ET AL | Defendant |

20240126105401

Superior Court Of New Jersey

MONMOUTH Venue

Docket Number: MON L 2915 23

**Person to be served** (Name and Address):
CIGNA HEALTH AND LIFE INSURANCE COMPANY
44 WHIPPANY ROAD, #2
MORRISTOWN  NJ  07960
**By serving:** CIGNA HEALTH AND LIFE INSURANCE COMPANY

**Attorney:** KYLE R. TOGNAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, DEMAND, CERTIFICATION

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**   [X] Served Successfully   [ ] Not Served

Date/Time: 1/26/2024 11:21 AM

Name of Person Served and relationship/title:

DOMINICK VALVENE

PERSON AUTHORIZED TO ACCEPT SERVICE

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX: M   AGE: 51-65   HEIGHT: 5'4"-5'8"   WEIGHT: 161-200 LBS.   SKIN: WHITE   HAIR: SALTPEP   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:

Date/Time: _____
Date/Time: _____
Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

26th day of January, 2024

Notary Signature _____
Rosemary Ramos          September 25th, 2028
Name of Notary          My Commission Expires



I, NICHOLAS CIULLO,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   01/26/2024
Signature of Process Server   Date

Name of Private Server: NICHOLAS CIULLO  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

Kyle R. Tognan, Esq. (Attorney ID# 128372014)
**MAGGS McDERMOTT & DiCICCO, LLC**
Attorneys at Law
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
Attorneys for Plaintiff
Our File Number: 3329.0355

| THE PLASTIC SURGERY CENTER, P.A.,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, XYZ CORPS. 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>DOCKET NUMBER: MON-L-2915-23<br><br>*CIVIL ACTION*<br><br>**CERTIFICATION IN OPPOSITION TO COURT'S NOTICE TO DISMISS PURSUANT TO RULE 4:43-2** |
|---|---|

I, KYLE R. TOGNAN, of full age, hereby certify:

1. I am an attorney admitted to practice law in the State of New Jersey and am an associate with the Firm of Maggs McDermott & DiCicco, LLC, attorneys for the plaintiff in the above referenced matter. I have been entrusted with the representation of plaintiff and as such, I am fully familiar with the facts and circumstances surrounding this matter.

2. On September 15, 2023, plaintiff filed the within Complaint. [LCV20232851559]

3. After lengthy negotiations with representatives of Cigna, it was determined that the matters in difference could not be amicably resolved.

4. Accordingly, Summons was issued and on January 26, 2024, the Summons and Complaint were served upon Cigna via processor server. Said Affidavit of Service has been electronically filed with the Court. [LCV2024250772]

5. On January 26, 2024, the Court issued a Dismissal Notice due to lack of prosecution. [LCV2024233488]

6. In light of the aforementioned service upon defendant, it is respectfully submitted that the Court's Dismissal Notice for lack of prosecution should be denied.

7. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MAGGS McDERMOTT & DiCICCO, LLC
Attorneys for Plaintiff

BY: *s/ Kyle R. Tognan*
_____
KYLE R. TOGNAN, ESQUIRE

DATED: January 30, 2024